IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Criminal No.: 2:94-589 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Solomon Dukes, Jr., | ) | |
| | ) | |
| Defendant/Movant. | ) | |

This matter is before the court on defendant Solomon Dukes, Jr.'s, motion for reduction of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). Defendant's motion is based on a recent amendment to the United States Sentencing Guidelines which reduced the applicable base offense levels related to cocaine base ("crack") offenses. The amended guidelines were effective November 1, 2007, and made retroactive by United States Sentencing Guideline § 1B1.10, effective March 3, 2008. The government agrees that the amendment is applicable to defendant's case. However, the government contends that defendant is not entitled to a sentence reduction below the new guideline range.

On November 2, 1995, defendant was sentenced to life imprisonment based on the applicable guideline range. Defendant had a total offense level of 44 and a criminal history category of II. Under the new amendment, defendant is eligible for a reduction from offense level 44 to offense level 42 resulting in a guideline range of 360 months to life imprisonment. However, defendant maintains that he is entitled a reduction below

1

the amended guidelines range.

"Proceedings under § 3582(c)(2) 'do not constitute a full resentencing of the defendant.'" United States v. Dunphy, 551 F.3d 247, 251 (4th Cir. 2009) (quoting U.S.S.G. § 1B1.10(a)(3)). "Rather, § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation." Id. at 252. "Subsection 1B1.10(b)(2)(A), which applies when a defendant . . . received a within-guidelines sentence at her original sentencing, limits the extent of the reduction to the minimum of the amended guideline range." Id. at 251. According to the Fourth Circuit, "[i]n providing that sentencing reductions must be consistent with applicable policy statements [of the United States Sentencing Commission], § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission." Id. at 252.

Accordingly, defendant's previously imposed sentence of life imprisonment on Counts One and Seventeen is reduced to 360 months. Defendant's sentence on Count Three is reduced to 360 months. All other provisions of the original sentence remain the same.

        **AND IT IS SO ORDERED.**

        _____
        **DAVID C. NORTON**
        **CHIEF UNITED STATES DISTRICT JUDGE**

**April 26, 2010**
**Charleston, South Carolina**